IN THE UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY A. FOWLER, Individually, and as, ADMINISTRATRIX FOR THE ESTATES OF RONALD J. BALZER and TAMARA A. BALZER; AND, RICHARD FOWLER, Individually, and as PERSONAL REPRESENTATIVE FOR THE ESTATE OF HAYLEIGH-ANN PAIGE FOWLER, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No.: 22-cv-00955 |
| vs. ) ) | |
| STL TRUCKING, LLC, ) ) ) | JURY TRIAL DEMANDED |
| and ) ) ) | Case Number Below: No. 2222-CC00783 In the 22nd Judicial Circuit |
| HALLMARK INSURANCE COMPANY, ) ) | City of St. Louis, Missouri |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant, HALLMARK INSURANCE COMPANY (hereinafter "Hallmark" or "Defendant"), hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Fed. R. Civ. P. 81(c) of the removal of the state court action entitled COREY A. FOWLER, Individually, and as ADMINISTRATRIX FOR THE ESTATES OF RONALD J. BALZER and TAMARA, A. BALZER; and, RICHARD FOWLER, Individually, and as PERSONAL REPRESENTATIVE FOR THE ESTATE OF HAYLEIGH-ANN PAIGE FOWLER, Plaintiffs, vs. STL TRUCKING, LLC, Defendant, and HALLMARK INSURANCE COMPANY, Defendant, Case Number 2222-CC00783 from the 22nd Judicial Circuit, City of St. Louis, Missouri, (the "State Court Action") to the United States District Court for the Eastern District of Missouri, Eastern Division. True and

correct copies of all pleadings, process, and orders available via the electronic docket in the State Court Action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. In support of its removal, Hallmark states as follows:

## I.    BACKGROUND

1. On or about August 10, 2014 at about 11:00 p.m., Plaintiffs' decedents were involved in an accident when their vehicle was struck by a vehicle operated by Zemir Maldoc, allegedly while in the employment of nominal defendant STL Trucking, LLC (the "Accident").

2. Prior to the Accident, STL Trucking had been insured under a commercial automobile policy issued by Hallmark, with liability limits of $1,000,000.00. *See* "Policy", attached as Exhibit D. On June 6, 2014, a notice of nonrenewal of the policy was duly and timely issued to STL Trucking and its brokers and agents, and the policy coverage ended on August 10, 2014 at 12:01 a.m., about 23 hours before the Accident.

3. After an investigation Hallmark denied STL Trucking's tender of the Plaintiffs' claim made under the Policy in relation to the Accident.

4. Upon information and belief, Plaintiffs and STL Trucking thereafter entered into an agreement pursuant to R.S. Mo. § 537.065, under which Plaintiffs have agreed not to levy execution of a judgment against STL Trucking's assets but rather will seek only insurance proceeds, and STL Trucking has agreed to tender to Plaintiffs any monies recovered from claims it files against Hallmark and/or has assigned all its rights to Plaintiffs.

5. Plaintiffs brought a personal injury action against STL Trucking and others. Plaintiffs alleged that there was a bench trial on or about November 28, 2018 and that Plaintiffs

were awarded a $65,000,000 judgment against STL Trucking. *See* Exhibit A at Pet. ¶ 26; *see also* Exhibit C (complete copy of the Petition), ¶ 26.

6.  On or about May 13, 2022, Plaintiffs initiated the State Court Action by filing a petition (the "Petition"), in which Hallmark and STL Trucking were named as defendants. *See* Exhibit A at Pet*.* In the Petition, Plaintiffs assert a first count for equitable garnishment pursuant to R.S. Mo. § 379.200, through which Plaintiffs seek to obtain from Hallmark the $1,000,000 Policy limits as partial satisfaction of the $65,000,000 judgment entered against STL Trucking. Consistent with Missouri law, Plaintiffs seek relief only from Hallmark in the form of insurance proceeds, and seek no relief from STL Trucking. Plaintiffs assert a second count for bad faith against Hallmark and a third count for breach of contract against Hallmark based on the rights STL Trucking allegedly assigned to Plaintiffs seeking damages of $65,000,000, plus interest and costs. Plaintiffs seek relief only from Hallmark and seek no relief from STL Trucking.

7.  On or about August 15, 2022, the Petition was served on the Missouri Department of Insurance. Exhibit B (Service copy of Petition as received by Hallmark), page 15, italics supplied ["You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri *this Monday, August 15, 2022.*"].[1] On or about August 22, 2022, the Missouri Director of Commerce and Insurance sent the Petition to Hallmark. *Id.* at 17. Hallmark first received the Petition on or about August 25, 2022. *Id.*

---

[1] A "Sheriff's or Server's Return" indicates that a copy of the summons and petition was delivered on July 29, 2022. However, this July 29, 2022 date has been characterized as a "1st Attempt." See Exhibit B at 1. The Department of Commerce and Insurance stated it was served on August 15, 2022. *See* Exhibit B at 1, 15. To date, no affidavit of service has been filed by the Director or designee. 20 SCF 800-2.010(1)(c); Missouri Rule 54.20(b).

8. As explained further below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Hallmark has satisfied the procedural requirements for removal, and this Court has subject matter over this action pursuant to 28 U.S.C. § 1332.

## II.     FEDERAL JURISDICTION

10. "The district courts shall have original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different States," 28 U.S.C. § 1332(a), and such cases are explicitly within this Court's removal jurisdiction, 28 U.S.C. § 1441(b).

11. Removal of this case is proper because both at the time the Petition was filed and at the time of this removal: (1) the amount in controversy, exclusive of interest and costs, exceeds $75,000; (2) Plaintiffs and Defendant Hallmark are completely diverse; and (3) consistent with the recent Eighth Circuit holdings of *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891 (8th Cir. 2017), and *Russell v. Liberty Insurance Underwriters, Inc.*, 950 F.3d 997 (8th Cir. 2020), the citizenship of STL Trucking and any objection it may have to removal are irrelevant to the federal jurisdiction of the Petition.[2]

**A.     The Amount in Controversy Exceeds $75,000.**

12. The amount in controversy in this matter exceeds $75,000, as Plaintiffs' Petition seeks damages from Hallmark that include the $1,000,000 limit of the Policy, which are $1,000,000, and therefore in excess of $75,000. *See* Exhibit A at Pet. ¶ 16.

---

[2] As detailed below, at the time of the filing of the Petition, and this Notice of Removal, Plaintiffs and Defendant Hallmark are completely diverse, as Plaintiffs are citizens of North Carolina (*see* Petition, ¶ 1), two of Plaintiffs' decedents, Ronald J. Balzer and Tamara A. Balzer were citizens of Tennessee, and Plaintiffs' third decedent, Hayleigh-Ann Paige Fowler, was a citizen of Florida, and Hallmark is an Arizona Corporation with its principal place of business in Dallas, Texas, and the Petition seeks the amount of the underlying judgment, which is a sum exceeding $75,000. Therefore, diversity jurisdiction exists for the Petition.

**B.     Complete Diversity Exists.**

13.     At the time the Petition was filed and at the time of this removal, Plaintiffs Corey and Richard Fowler were citizens of Winston Salem, North Carolina.  *See* Exhibit A at Pet. ¶ 1.  The Accident occurred in Georgia.  Two of Plaintiffs' decedents, Ronald J. Balzer and Tamara A. Balzer were citizens of Tennessee.  Plaintiffs' third decedent, Hayleigh-Ann Paige Fowler, was a citizen of Florida.  At the time the Petition was filed and at the time of this removal, STL Trucking is a Missouri company with its principal place of business in St. Louis Missouri.  *See* Exhibit A at Pet. ¶ 5.  STL Trucking's member is Mukadesa Malkoc who, at the time the Petition was filed and at the time of this removal, was a citizen of Missouri.[3]   STL Trucking is therefore a citizen of Missouri, though for the reasons stated below its citizenship is irrelevant for purposes of removal.

14.     At the time the Petition was filed and at the time of this removal, Hallmark is incorporated in Arizona and has its principal place of business in Dallas, Texas.  *See* Exhibit A at Pet. ¶ 8.  Therefore, Hallmark is a citizen of Arizona under 28 U.S.C. § 1332(c)(1).  Hallmark is neither incorporated nor has its principal place of business in Missouri, where this action was brought.  *See* 28 U.S.C. § 1441(b).

15.     Notably, the Eighth Circuit has explicitly ruled that "[a] claim brought under section 379.200 is [] not a direct action." *See Russell*, 950 F.3d at 1002; *see also*, *e.g.*, *Demeo v. State Farm Mut. Ins. Co.*, No. 09-0472-CV-W-ODS (W.D. Mo. Aug. 26, 2009).  STL Trucking's citizenship is therefore not imputed to Hallmark, and Hallmark remains a citizen of Arizona.

**C.     STL Trucking's Citizenship and Any Objection to Removal Are Irrelevant to Federal Jurisdiction of the Petition.**

---

[3] Information found on the Missouri Secretary of State website and at LexisNexis/Accurint for Legal Professionals (a) the current executives for STL Trucking are Mukadesa Malkoc and Zemir Malkoc who is also a citizen of Missouri and (b) the registered agents are Hamil Hodzic, who is a citizen of Missouri and/or the Missouri Secretary of State.

16. STL Trucking is a nominal party with regard to the Petition, and it should be aligned as a Plaintiff for purposes of this case. *See Russell*, 950 F.3d 997. In *Russell*, the Eighth Circuit found that removal of a similar action was proper, even though the plaintiff and the insured were both Missouri citizens, and the insured objected to removal and sought remand. *Id.* at 1002-03. In so holding, the Eighth Circuit settled a long-standing split among district courts in Missouri, in favor of federal jurisdiction.[4]

17. A nominal party's presence in a case may be ignored in determining diversity jurisdiction, and the consent of a nominal defendant is not required to effect removal because her presence has no controlling significance for removal purposes. *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015) ("Though we generally must look to all defendants in assessing diversity and consent to removal, the presence of nominal or formal or unnecessary parties has no controlling significance for removal purposes, and may be ignored in determining whether diversity jurisdiction exists."); *Burns v. Oak River Ins. Co.*, No. 05-3150-CV-W-RED, 2005 WL 8159133, at *2 (W.D. Mo. June 21, 2005). A defendant is a nominal party if there is no reasonable basis for predicting that she will be held liable. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (interpreting 28 U.S.C. § 1441, which provides that consent is required, and finding that nominal defendants, those against whom no real relief is sought, need not join in the petition to remove).

---

[4] For the purpose of determining federal jurisdiction, federal law directs who is a plaintiff and who is a defendant; a state's statutes or procedural provisions, or a party's decision whether to follow the same, do not control removal. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574 (1954). Neither the parties' own designation, nor the designation of a state's legislature, nor a party's decision to follow or not to follow the requirements of a state's statute commands this Court its jurisdiction. Therefore, and as suggested through the ultimate finding by the Eighth Circuit in *Russell v. Liberty Insurance*, the provision of § 379.200 requiring the insured to be named as a defendant is not dispositive of this Court's jurisdiction.

18. Here, STL Trucking is exposed to no liability via the Petition. STL Trucking is a nominal party to the Petition, as Plaintiffs seek no relief from it and there is no reasonable basis on which it can be held responsible for any judgment rendered. *Williams*, 845 F.3d at 897 (Eighth Circuit holding that in an equitable garnishment action, resolution of the issues between the plaintiff and insurer is "case-dispositive," and the insured-defendant is "a nominal defendant"); *Muckenthaler v. Columbia Cas.*, No. 08-0162-CV-W-GAF, 2008 WL 11337606 (W.D. Mo. June 16, 2008) (insured in garnishment action is a "nominal defendant" because there is already a final judgment against him and the plaintiff "seeks no further relief from him in the current suit"); *Burns*, 2005 WL 8159133, at *2 (garnishment defendant is a nominal party, "as there is no reasonable basis on which he can be held responsible"). Moreover, upon information and belief, Plaintiffs and STL Trucking LLC have entered an agreement pursuant to § 537.065 limiting STL Trucking LLC's liability. Exhibit A at Pet. ¶ 6. This further demonstrates that there is no chance of recovery from STL Trucking LLC as a consequence of the Petition and that it is a nominal party. *Brooks*, 779 F.3d at 544.

19. There is no actual and substantial conflict between Plaintiffs and STL Trucking in this case; rather, their interests are aligned for jurisdictional purposes as it is in STL Trucking's interest to have the judgment already entered against it satisfied by Hallmark. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 998, 1002 (D. Minn. 1999) (insured's interest is aligned with judgment creditor for jurisdictional purposes, "as it would be in [the insured's] interest to have the judgment against him satisfied by his insurer") (positively cited by *Burns*, 2005 WL 8159133, at *2). Moreover, STL Trucking allegedly assigned to Plaintiffs all of its rights against Hallmark, including claims for bad faith and breach of contract against Hallmark as part of the Petition, cementing STL Trucking's posture as a "plaintiff" with regard to Hallmark. Exhibit A at Pet. ¶ 6;

*see Russell*, 950 F.3d at 1002 n.4 (Eighth Circuit characterizing the insured as a "plaintiff" in a garnishment action in which insured filed bad-faith claim against insurer).

20. Accordingly, STL Trucking's citizenship and consent to removal are irrelevant because it is a nominal party, properly considered and aligned as a plaintiff to this matter.

21. Because this matter satisfies the requirement for federal diversity jurisdiction, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and the State Court Action is removable under 28 U.S.C. § 1441.

### III.     VENUE

22. Venue is proper in this district and division under 28 U.S.C. § 1441(a) and 28 U.S.C. § 105(b) because it embraces the county where the State Court Action was filed and is pending. *See* Exhibit A.

### IV.     REMOVAL IS TIMELY

23. The Petition was served on the Missouri Department of Insurance on August 15, 2022 and effected service on Hallmark. *See* Exhibit B at 15 ("You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Monday, August 15, 2022."). Hallmark received the Petition on August 25, 2022. Accordingly, this removal is timely as this Notice of Removal is filed within 30 days of service on the Department of Commerce and Insurance (as stated in its letter to Hallmark) and also is filed within 30 days after receipt by Hallmark of Plaintiffs' pleading, as provided by 28 U.S.C. § 1446(b)(2)(B).

### V.     NOTICE OF REMOVAL

24.     Promptly after filing this Notice of Removal, Hallmark will give written notice of removal to Plaintiffs and STL Trucking in the State Court Action, as well as to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

25.     Pursuant to Local Rules 3.1 and 7.1, Hallmark is contemporaneously filing a completed Civil Cover Sheet attached hereto as Exhibit E and an Original Filing Form as Exhibit F, as well as a Certificate of Interests form.  Exhibit G is a separately attached pending motion filed in the State Court Action.

## VI.     DEADLINE TO FILE ANSWER

26.     According to the postmarks, on or about August 22, 2022, the DOI mailed to Hallmark a copy of the Petition.  Hallmark received it on or about August 25, 2022. (Exhibit B.)

27.     Because this case is now removed to federal court, pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure, Hallmark's responsive pleading is due seven days after this Notice of Removal is filed.

WHEREFORE, Defendant Hallmark Insurance Company hereby removes the State Court Action filed in the 22nd Judicial Circuit, City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: September 12, 2022                                    **DOWD BENNETT LLP**

                                                             By: /s/ Edward L. Dowd, Jr.
                                                             Edward L. Dowd #28785
                                                             edowd@dowdbennett.com
                                                             Robert F. Epperson, Jr. #46430
                                                             repperson@dowdbennett.com
                                                             Michael J. Kuhn #58936
                                                             mkuhn@dowdbennett.com
                                                             Arin H. Smith #72636
                                                             asmith@dowdbennett.com
                                                             7733 Forsyth Blvd., Suite 1900
                                                             St. Louis, MO 63105
                                                             Telephone: (314) 889-7300
                                                             Facsimile: (314) 863-2111

                                                             Attorneys for Defendant Hallmark
                                                             Insurance Company

## CERTIFICATE OF SERVICE

    I hereby certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                                             /s/  Edward L. Dowd, Jr.