2222-CC00783

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

| | |
|---|---|
| COREY A. FOWLER, Individually, and as ADMINISTRATRIX FOR THE ESTATES OF RONALD J. BALZER and TAMARA A. BALZER,<br><br>AND<br><br>RICHARD FOWLER, Individually, and as PERSONAL REPRESENTATIVE FOR THE ESTATE OF HAYLEIGH-ANN PAIGE FOWLER,<br><br>     PLAINTIFFS,<br><br>vs.<br><br>STL TRUCKING, LLC.<br><br>     DEFENDANT<br><br>vs.<br><br>HALLMARK INSURANCE COMPANY<br><br>     DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR DAMAGES

Plaintiffs, through counsel, for their causes of action against defendants, states and alleges as follows:

## PARTIES

1.    Corey Fowler and Richard Fowler are the natural parents of Hayleigh-Ann Paige Fowler, a minor decedent.  Corey and Richard are residents of Winston Salem, North Carolina.

1

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

2.      Corey Fowler is the administratrix and Class 1 wrongful death beneficiary to her parents, Ronald J. Balzer and Tamara A. Balzer and is therefore the appropriate person to bring this suit.

3.      Richard Fowler is the personal representative to the Estate of Hayleigh-Ann Paige Fowler, and is therefore the appropriate person to bring this suit.

4.      That Corey and Richard Fowler, individually and in their capacities as wrongful death beneficiaries and personal representative, respectfully, will be referred to as "Plaintiffs".

5.      Defendant STL Trucking, LLC ("STL Trucking") is a Missouri company with its principal place of business in the City of St. Louis County, Missouri.  STL Trucking be served through its registered agent, Mukadesa Malkoc, 4115 Mitchford Drive, St. Louis, MO 63125.

6.      That on March 11, 2022, defendant STL Trucking's rights to its breach of contract action and bad faith refusal to settle action against defendant Hallmark Insurance Company were assigned to Plaintiffs.

7.      Plaintiffs therefore have the right to bring such claims pursuant to assignment, and hereby assert those rights and claims that defendant STL Trucking could previously assert prior to the assignment of the same.

8.      Defendant Hallmark Insurance Company ("Hallmark") is an Arizona Corporation with its principal place of business in Texas. Defendant Hallmark is registered with the Missouri Department of Insurance and subject to the laws, regulations, and lawsuits here in Missouri. Further, defendant Hallmark contracted with a Missouri Corporation, Defendant STL Trucking for the policy of insurance at issue.  Defendant Hallmark can be served by delivering a copy of the summons and this Petition to the Director of the Missouri Department of Insurance, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

## VENUE AND JURISDICTION

9.      Venue and jurisdiction are proper in the City of St. Louis, Missouri, since defendant Hallmark issued a policy of insurance to defendant STL Trucking, a Missouri company with its principal place of business in the City of St. Louis.

10.     Further, since STL Trucking is a required party by statute to the equitable garnishment action and the Judgment was taken in the City of St. Louis, this Court is the appropriate place for venue and jurisdiction.

## COUNT I – EQUITABLE GARNISHMENT

Plaintiffs, through counsel, for their cause of action against defendant STL Trucking and defendant Hallmark, states and alleges as follows:

11.     Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

12.     That defendant Hallmark issued Policy MOC500075-01, attached as *Exhibit 1*, to defendant STL Trucking, LLC.

13.     That due to the failure of defendant Hallmark to appropriately cancel the Policy, the policy was in full force and effect on August 10, 2014.

14.     The policy was in full force and effects given that:

   a.      There was no present cancellation sent;

   b.      There was no specific reason for the cancellation;

   c.      Notice was not properly sent; and/or

   d.      Hallmark failed to follow State and Federal law in attempting to cancelling the policy, rendering the policy in full force and effect.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

15.     That the Policy was purchased by defendant STL Trucking to cover it for negligent acts that occurred as part of its business, including negligent driving by its employee and agent, Zemir Malkoc as set out in the underlying case.

16.     That the Policy provided liability insurance of $1,000,000 per incident/occurrence plus court costs, and post-judgment interest on the amount of any Judgment.

17.     That on August 10, 2014, Zemir Malkoc, while in the course and scope of his agency with defendant STL Trucking, drove carelessly and negligently causing the death of Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer.

18.     That the deaths of Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer were covered losses according to the Policy purchased by STL Trucking, LLC.

19.     That plaintiffs brought suit against defendant STL Trucking in the Circuit Court of the City of St. Louis, Case No.: 1522-CC10316 for wrongful death.

20.     That proper notice of the loss was provided to defendant Hallmark.

21.     That defendant Hallmark had the opportunity and the duty to defend STL Trucking for the claims made by the plaintiffs.

22.     That defendant STL Trucking hired personal counsel that demanded a defense and indemnity for the claims made by plaintiffs.

23.     That defendant Hallmark wrongfully refused to defend defendant STL Trucking after given multiple opportunities to do so.

24.     That Plaintiffs repeatedly made policy limit settlement offers to Hallmark to protect STL Trucking but Hallmark denied each demand, giving different reasons for each denial.

25.     That Plaintiffs relied on the reasons for the denials given by defendant Hallmark in continuing to pursue the case.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

26.     That on November 28, 2018, after a bench trial regarding the merits of the underlying case, judgment was entered in favor of plaintiffs and against defendant STL Trucking in the total amount of $65,000,000, broken down as:

a.     $25,000,000 to Corey and Richard Fowler for the wrongful death of Hayleigh-Ann Fowler;

b.     $20,000,0000 for the wrongful death of Ronald Balzer;

c.     $20,000,000 for the wrongful death of Tamara Balzer; and

d.     with post-judgment interest and accruing  on all sums at 7.25% per annum until satisfied.

27.     That the claims and judgment against defendant STL Trucking were and are covered claims under the Policy issued by defendant Hallmark.

28.     That the Judgment has not been satisfied by defendant Hallmark.

29.     That defendant Hallmark has not tendered the sums due in accordance with its Policy of insurance.

30.     That the Judgment and Findings of Fact are final.

31.     That pursuant to R.S.Mo. 379.200, plaintiffs, as judgment creditors, are entitled to judgment against defendant Hallmark to satisfy the judgment against defendant STL Trucking insured under the Policy, together with all interest and costs accrued on said judgment, until fully paid.

32.     That defendant Hallmark breached its duty to defend and provide coverage to defendant STL Trucking for the plaintiffs' claims.

33.     That as a direct and proximate result of defendant Hallmark's breach of its duty to defend, the Judgment against defendant STL Trucking was entered as set forth above.

34.     That the decision and judgment of the Circuit Court for the City of St. Louis is fully binding and under the principles of collateral estoppel, defendant Hallmark is bound by all of the

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

Court's findings and rulings, is estopped and may not contest any of the court's findings or conclusions.

35.     That defendant Hallmark is estopped to contest or otherwise seek to collaterally attack the underlying judgment, including but not limited to the amount, the findings of fact, the findings of liability, the basis of liability, any fact found therein, or any fact necessary to find on any count the Court found liability or damages, pursuant to Missouri law.

36.     That the underlying judgment was entered after a bench trial, before a trial court in the State of Missouri which in the exercise of its own discretion determined liability and coverages, and, as such, defendant Hallmark, having failed and refused to defend and indemnify its insured, defendant STL Trucking is estopped to contest or otherwise challenge the underlying judgment.

37.     That as a consequence of defendant Hallmark's wrongful refusal to defend, defendant Hallmark is also liable for the entire amount of the judgment plus accrued interest as a consequential damage as a matter of law.

WHEREFORE, plaintiffs Corey and Richard Balzer, individually and as the Class I heirs to Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer, prays this Court enter judgment against defendant Hallmark Insurance Company and co-defendant STL Trucking, LLC in the amount of the policy limits of $1,000,0000, for the full amount of the underlying judgment for $65,000,000 as consequential damages, for post-judgment interest at the rate of 7.25% per annum from November 27, 2018 to the time of satisfaction, costs of court, and for all other relief the Court deems just and proper.

## COUNT II – BAD FAITH

Plaintiffs, for their cause of action against defendant Hallmark, states and alleges as follows:

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

38.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

39.     That Plaintiffs are the proper party to pursue this action since they were assigned defendant STL Trucking's right to their breach of contract and bad faith action refusal to defend and indemnify cause of action pursuant to Missouri law.

40.     That due to the failure of defendant Hallmark to appropriately cancel the Policy, the policy was in full force and effect on August 10, 2014.

41.     The policy was in full force and effects given that:

    a.     There was no present cancellation sent;

    b.     There was no specific reason for the cancellation; and/or

    c.     Notice was not properly sent.

42.     That the Policy was purchased by defendant STL Trucking to cover it for negligent acts that occurred as part of its business, including negligent driving by its employee and agent, Zemir Malkoc as set out in the underlying case.

43.     That the Policy provided liability insurance of $1,000,000 per incident/occurrence.

44.     That on August 10, 2014, Zemir Malkoc, while in the course and scope of his agency with defendant STL Trucking drove carelessly and negligently causing the death of Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer.

45.     That the deaths of Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer were covered losses according to the Policy purchased by STL Trucking.

46.     That plaintiffs brought suit against defendant STL Trucking, LLC in the Circuit Court of the City of St. Louis, Case No.: 1522-CC10316, as seen in *Exhibit 2*, for wrongful death.

47.     That proper notice of the loss was provided to defendant Hallmark.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

48.     That Hallmark was provided notice multiple times by the Plaintiffs as well as defendant STL Trucking LLC and/or their agents.

49.     That defendant Hallmark had the opportunity and the duty to defend defendant STL Trucking for the claims made by the plaintiffs.

50.     That defendant STL Trucking hired personal counsel that demanded a defense and indemnity for the claims made by plaintiffs.

51.     That defendant Hallmark wrongfully refused to defend defendant STL Trucking after given multiple opportunities to do so.

52.     That defendant STL Trucking relied on the reasons given for the denial of coverage in determining how to proceed and protect its assets.

53.     That on November 28, 2018, after a bench trial regarding the merits of the underlying case, judgment was entered in favor of plaintiffs and against defendant STL Trucking in the total amount of $65,000,000, broken down as:

    a.      $25,000,000 to Corey and Richard Fowler for the wrongful death of Hayleigh-Ann Fowler;

    b.      $20,000,0000 for the wrongful death of Ronald Balzer;

    c.      $20,000,000 for the wrongful death of Tamara Balzer; and

    d.      with post-judgment interest and accruing  on all sums at 7.25% per annum until satisfied.

54.     That the claims and judgment against defendant STL Trucking were and are covered claims under the Policy issued by defendant Hallmark.

55.     That defendant Hallmark was aware that the lawsuit and Judgment taken against defendant STL Trucking was covered by its policy given that the policy was purchased to protect defendant STL Trucking from negligent acts that occur during its trucking operations.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

56.     Defendant Hallmark knew that the offers of settlement made by the plaintiffs would protect defendant STL Trucking for a fraction of the actual value of the case and that good faith required defendant Hallmark to take the offer.

57.     Defendant Hallmark's failure to defend, settle, indemnify, and/or fully satisfy the judgment rendered against defendant STL Trucking exposed defendant STL Trucking to significant financial damage, which was made in complete disregard of the well-being of defendant STL Trucking and only for a profit motive.

58.     Defendant Hallmark's conduct throughout the claims process of refusal to offer a defense, attempt to settle, failing to offer the policy limits, refusal to negotiation in any type to protect its insured, refusal to investigate, and refusal to defend its insured was contrary to insurance standards, regulations, case law and/or its own Claims Handbook standards.

59.     That the Judgment was a direct and foreseeable result of defendant Hallmark's failure to defend and protect its insured, in violation of its duties and obligations.

60.     That Hallmark in bad faith failed and refused to defend its insured, defendant STL Trucking and thereafter refused to timely pay the policy limits of coverage so as to settle all claims arising from the deaths, and failed to protect and defend its insured in any way from claims arising from the deaths of three individuals.

61.     That defendant Hallmark acted in bad faith in continuing to deny coverage when it knew that it failed to follow the laws and regulations regarding cancelling coverage, such that it knew that coverage was still in force and effect.

62.     That defendant Hallmark's conduct was recklessly designed to cause financial damage to defendant STL Trucking with knowledge of the disastrous consequences to defendant

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

STL Trucking.  Such conduct is done with the intention of avoiding paying the obligations set out in its policies, and which was purchased for this protection.

63.    That the decision and Judgment is fully binding under the principles of collateral estoppel, defendant Hallmark is bound by all of the Court's findings and rulings, is estopped and may not contest any of the Court's findings or conclusions.

64.    That defendant Hallmark is estopped to contest or otherwise seek to collaterally attach the underlying judgment, including but not limited to the amount, the findings of fact, the finding of liability, the basis of liability, any fact found therein, or any fact necessary to find on any count the Court found liability or damages, pursuant to Missouri law.

65.    That the Judgment is final, and fully binding, and under the principle of collateral estoppel defendant Hallmark is bound by all of the Court's findings and rulings, and may not contest any of the Court's findings or conclusions, as more fully set forth by the Missouri Supreme Court in *Schmitz v. Great American Assur. Co.*, 337 S.W.3d 700, 709 (Mo. banc 2011).

66.    As a consequence of its wrongful refusal to defend, defendant Hallmark is also liable for the entire amount of the judgment as a consequential damage as a matter of law.

67.    As a direct and proximate result of defendant Hallmark's bad faith conduct as set forth above and breach of fiduciary duties as set forth above, defendant STL Trucking sustained damage, including but not limited to:

      a.    The $65,000,000 Judgment, plus post-judgment interest and costs;

      b.    Costs incurred protecting defendant STL Trucking's self-interest such as attorney fees; and

      c.    For punitive damages to punish and deter defendant Hallmark from future-like conduct.

WHEREFORE, plaintiffs Corey and Richard Balzer, individually and as the Class I heirs to Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer, prays this Court enter judgment

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

against defendant Hallmark Insurance Company in the full amount of the underlying judgment for $65,000,000 as consequential damages, for post-judgment interest at the rate of 7.25% per annum from November 27, 2018 to the time of satisfaction, costs of court, and for all other relief the Court deems                         just                         and                         proper.

## COUNT III – BREACH OF CONTRACT

Plaintiffs, for their cause of action against defendant Hallmark, states and alleges as follows:

68.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

69.     That Plaintiffs are the proper party to pursue this action since they were assigned defendant STL Trucking's right to their breach of contract and bad faith action refusal to defend and indemnify cause of action pursuant to Missouri law.

70.     That due to the failure of defendant Hallmark to appropriately cancel the Policy, the policy was in full force and effect on August 10, 2014.

71.     The policy was in full force and effects given that:

a.     There was no present cancellation sent;

b.     There was no specific reason for the cancellation; and/or

c.     Notice was not properly sent.

72.     That the Policy was purchased by defendant STL Trucking to cover it for negligent acts that occurred as part of its business, including negligent driving by its employee and agent, Zemir Malkoc as set out in the underlying case.

73.     That the Policy provided liability insurance of $1,000,000 per incident/occurrence.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

74.     That on August 10, 2014, Zemir Malkoc, while in the course and scope of his agency with defendant STL Trucking drove carelessly and negligently causing the death of Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer.

75.     That the deaths of Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer were covered losses according to the Policy purchased by STL Trucking.

76.     That as a direct and consequential result of defendant Hallmark's breach of contract in failing to defend, indemnify, and settle, on November 28, 2018, after a bench trial regarding the merits of the underlying case, judgment was entered in favor of plaintiffs and against defendant STL Trucking in the total amount of $65,000,000, broken down as:

        a.      $25,000,000 to Corey and Richard Fowler for the wrongful death of Hayleigh-Ann Fowler;

        b.      $20,000,0000 for the wrongful death of Ronald Balzer;

        c.      $20,000,000 for the wrongful death of Tamara Balzer; and

        d.      with post-judgment interest and accruing  on all sums at 7.25% per annum until satisfied.

77.     That the claims and judgment against defendant STL Trucking were and are covered claims under the Policy issued by defendant Hallmark.

78.     Defendant Hallmark's failure to defend, settle, indemnify, and/or fully satisfy the judgment rendered against defendant STL Trucking exposed defendant STL Trucking to significant financial damage, which was made in complete disregard of the well-being of defendant STL Trucking and only for a profit motive.

79.     That the Judgment was a direct and foreseeable result of defendant Hallmark's failure to defend and protect its insured, in violation of its duties and obligations.

80.     As a consequence of its wrongful refusal to defend, defendant Hallmark is also liable for the entire amount of the judgment as a consequential damage as a matter of law.

Electronically Filed - City of St. Louis - May 13, 2022 - 01:52 PM

81.     As a direct and proximate result of defendant Hallmark's breach of its contract, as set forth above, defendant STL Trucking sustained damage, including but not limited to:

    a.    The $65,000,000 Judgment, plus post-judgment interest and costs;

    b.    Costs incurred protecting defendant STL Trucking's self-interest such as attorney fees; and

    c.    For punitive damages to punish and deter defendant Hallmark from future-like conduct.

WHEREFORE, plaintiffs Corey and Richard Balzer, individually and as the Class I heirs to Hayleigh-Ann Fowler, Ronald Balzer, and Tamara Balzer, prays this Court enter judgment against defendant Hallmark Insurance Company in the full amount of the underlying judgment for $65,000,000 as consequential damages, for post-judgment interest at the rate of 7.25% per annum from November 27, 2018 to the time of satisfaction, costs of court, and for all other relief the Court deems                                    just                                    and                                    proper.

**RAH LAW, LLC**

  _/s/ Grant S. Rahmeyer_
GRANT S. RAHMEYER MO # 58897
205 Park Central, Suite 517
Springfield, Missouri 65806
Telephone: (417) 512-2333
Fax:         (417) 512-2922
Email:     _grant@rah.law_