**IN THE UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COREY A. FOWLER, Individually, and | ) | |
| as, ADMINISTRATRIX FOR THE | ) | |
| ESTATES OF RONALD J. BALZER | ) | |
| A. BALZER; AND, RICHARD FOWLER, | ) | |
| and TAMARA Individually, and as | ) | |
| PERSONAL REPRESENTATIVE FOR | ) | |
| THE ESTATE OF HAYLEIGH-ANN | ) | |
| PAIGE FOWLER, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 22-cv-00955 |
| | ) | |
| vs. | ) | |
| | ) | |
| STL TRUCKING, LLC, | ) | DEFENDANT DEMANDS |
| | ) | TRIAL BY JURY |
| | ) | |
| and | ) | |
| | ) | |
| HALLMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**HALLMARK INSURANCE COMPANY TO PLAINTIFFS' PETITION**

COMES NOW, Defendant, HALLMARK INSURANCE COMPANY (hereinafter "Hallmark" or "Defendant"), by and through its attorneys, and makes the following Answer to Plaintiffs' Petition:

**PARTIES**

1.    Hallmark is informed and believes that plaintiffs Corey and Richard Fowler (Plaintiffs") are citizens of North Carolina.  Hallmark is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of

Plaintiffs' Petition and therefore denies same.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 1.

2.    Hallmark is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Petition and therefore denies same.

3.    Hallmark is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Petition and therefore denies same.

4.    Hallmark is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Petition and therefore denies same.

5.    Hallmark is informed and believes that STL Trucking, LLC was a business entity with a place of business in St. Louis, Missouri.  Hallmark is without sufficient information or knowledge to form a belief as to the truth of Plaintiffs' remaining averments in Paragraph 5 of Plaintiffs' Petition and therefore denies same.

6.    Hallmark denies the allegations contained in Paragraph 6 of Plaintiffs' Petition.

7.    Hallmark states that the allegations set forth in Paragraph 7 constitute legal conclusions, which Hallmark is not required to admit or deny.  To the extent a response is required, Hallmark denies the allegations contained in Paragraph 7 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 7.

8.    Hallmark objects to the allegations in Paragraph 8 because that paragraph contains multiple averments.  Hallmark admits that it is an Arizona corporation and that its principal place of business is in Dallas, Texas.  Hallmark admits that it is authorized to do and is doing business in Missouri.  Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m. (the "Policy".)  Hallmark admits that it received the

summons and an incomplete copy of the Petition from the Missouri Director of Insurance on or about August 25, 2022.  Hallmark is without sufficient information or knowledge to form a belief as to the truth of the remaining averments in Paragraph 8 of Plaintiffs' Petition and therefore denies same.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 8.

## VENUE AND JURISDICTION

9.    Hallmark is informed and believes that STL Trucking, LLC was a business entity with a place of business in St. Louis Missouri.  Hallmark admits that it is an Arizona Corporation and that its principal place of business is in Dallas, Texas.  Hallmark admits that it is authorized to do and is doing business in Missouri.  Hallmark states that the remaining allegations set forth in Paragraph 9 constitute legal conclusions, which Hallmark is not required to admit or deny.  To the extent a response is required, Hallmark denies the remaining allegations contained in Paragraph 9 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 9 of Plaintiffs' Petition.

10.    Hallmark states that the allegations set forth in Paragraph 10 constitute legal conclusions, which Hallmark is not required to admit or deny.  To the extent a response is required, Hallmark denies the allegations contained in Paragraph 10 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 10.

## COUNT I – EQUITABLE GARNISHMENT

11.    Hallmark incorporates by reference the preceding paragraphs as though fully set forth herein.

12.    Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The incomplete copy of the Petition delivered to

Hallmark by the Missouri Director of Insurance was missing pages 6-9, Exhibit 1, averred to be a copy of the Policy, and Exhibit 2, averred to be a copy of the underlying suit.  Hallmark is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiffs' Petition and therefore denies same.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 12.

13.    Hallmark denies the allegations contained in Paragraph 13 of Plaintiffs' Petition.

14.    Hallmark denies the allegations contained in Paragraph 14 of Plaintiffs' Petition, including the allegations of each of the subparagraphs of Paragraph 14.

15.    Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period  August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The Policy is the best evidence of its terms and conditions, and therefore Hallmark denies the remaining allegations contained in Paragraph 15 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 15.

16.    Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period  August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The Policy is the best evidence of its terms and conditions, and therefore Hallmark denies the remaining allegations contained in Paragraph 16 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 16.

17.    Hallmark is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Petition and therefore denies same.

18.    Hallmark denies the allegations contained in Paragraph 18 of Plaintiffs' Petition.

19.    Hallmark is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Petition and therefore denies same.

20.     Hallmark denies the allegations contained in Paragraph 20 of Plaintiffs' Petition.

21.     Hallmark denies the allegations contained in Paragraph 21 of Plaintiffs' Petition.

22.     Hallmark denies the allegations contained in Paragraph 22 of Plaintiffs' Petition.

23.     Hallmark denies the allegations contained in Paragraph 23 of Plaintiffs' Petition.

24.     Hallmark denies the allegations contained in Paragraph 24 of Plaintiffs' Petition.

25.     Hallmark denies the allegations contained in Paragraph 25 of Plaintiffs' Petition.

26.     Hallmark denies the allegations contained in Paragraph 26 of Plaintiffs' Petition, including each of the subparagraphs of Paragraph 26.

27.     Hallmark denies the allegations contained in Paragraph 27 of Plaintiffs' Petition.

28.     Hallmark denies the allegations contained in Paragraph 28 of Plaintiffs' Petition.

29.     Hallmark denies the allegations contained in Paragraph 29 of Plaintiffs' Petition.

30.     Hallmark denies the allegations contained in Paragraph 30 of Plaintiffs' Petition.

31.     Hallmark denies the allegations contained in Paragraph 31 of Plaintiffs' Petition.

32.     Hallmark denies the allegations contained in Paragraph 32 of Plaintiffs' Petition.

33.     Hallmark denies the allegations contained in Paragraph 33 of Plaintiffs' Petition.

34.     Hallmark denies the allegations contained in Paragraph 34 of Plaintiffs' Petition.

35.     Hallmark denies the allegations contained in Paragraph 35 of Plaintiffs' Petition.

36.     Hallmark denies the allegations contained in Paragraph 36 of Plaintiffs' Petition.

37.     Hallmark denies the allegations contained in Paragraph 37 of Plaintiffs' Petition.

WHEREFORE, having fully answered Plaintiffs' General Allegations, Hallmark requests that Plaintiffs' Petition be dismissed and that Hallmark be reimbursed for its costs and such other relief as the court may deem just and proper.

## COUNT II – BAD FAITH

38.     Hallmark incorporates by reference the preceding paragraphs as though fully set forth herein.

39.     Hallmark denies the allegations contained in Paragraph 39 of Plaintiffs' Petition.

40.     Hallmark denies the allegations contained in Paragraph 40 of Plaintiffs' Petition.

41.     Hallmark denies the allegations contained in Paragraph 41 of Plaintiffs' Petition, including the allegations of each of the subparagraphs of Paragraph 41.

42.     Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The Policy is the best evidence of its terms and conditions, and therefore Hallmark denies the remaining allegations contained in Paragraph 42 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 42.

43.     Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The Policy is the best evidence of its terms and conditions, and therefore Hallmark denies the remaining allegations contained in Paragraph 43 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 43.

44.     Hallmark denies the allegations contained in Paragraph 44 of Plaintiffs' Petition.

45.     Hallmark denies the allegations contained in Paragraph 45 of Plaintiffs' Petition.

46.     Hallmark is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Petition and therefore denies same.

47.     Hallmark denies the allegations contained in Paragraph 47 of Plaintiffs' Petition.

48.     Hallmark denies the allegations contained in Paragraph 48 of Plaintiffs' Petition.

49.    Hallmark denies the allegations contained in Paragraph 49 of Plaintiffs' Petition.

50.    Hallmark denies the allegations contained in Paragraph 50 of Plaintiffs' Petition.

51.    Hallmark denies the allegations contained in Paragraph 51 of Plaintiffs' Petition.

52.    Hallmark denies the allegations contained in Paragraph 52 of Plaintiffs' Petition.

53.    Hallmark denies the allegations contained in Paragraph 53 of Plaintiffs' Petition, including the allegations of each subparagraph of Paragraph 53.

54.    Hallmark denies the allegations contained in Paragraph 54 of Plaintiffs' Petition.

55.    Hallmark denies the allegations contained in Paragraph 55 of Plaintiffs' Petition.

56.    Hallmark denies the allegations contained in Paragraph 56 of Plaintiffs' Petition.

57.    Hallmark denies the allegations contained in Paragraph 57 of Plaintiffs' Petition.

58.    Hallmark denies the allegations contained in Paragraph 58 of Plaintiffs' Petition.

59.    Hallmark denies the allegations contained in Paragraph 59 of Plaintiffs' Petition.

60.    Hallmark denies the allegations contained in Paragraph 60 of Plaintiffs' Petition.

61.    Hallmark denies the allegations contained in Paragraph 61 of Plaintiffs' Petition.

62.    Hallmark denies the allegations contained in Paragraph 62 of Plaintiffs' Petition.

63.    Hallmark denies the allegations contained in Paragraph 63 of Plaintiffs' Petition.

64.    Hallmark denies the allegations contained in Paragraph 64 of Plaintiffs' Petition.

65.    Hallmark denies the allegations contained in Paragraph 65 of Plaintiffs' Petition.

66.    Hallmark denies the allegations contained in Paragraph 66 of Plaintiffs' Petition.

67.    Hallmark denies the allegations contained in Paragraph 67 of Plaintiffs' Petition, including the allegations of each subparagraph of Paragraph 67.

WHEREFORE, having fully answered Plaintiffs' General Allegations, Hallmark requests that Plaintiffs' Petition be dismissed and that Hallmark be reimbursed for its costs and such other relief as the court may deem just and proper.

## COUNT III – BREACH OF CONTRACT

68.     Hallmark incorporates by reference the preceding paragraphs as though fully set forth herein.

69.     Hallmark denies the allegations contained in Paragraph 69 of Plaintiffs' Petition.

70.     Hallmark denies the allegations contained in Paragraph 70 of Plaintiffs' Petition.

71.     Hallmark denies the allegations contained in Paragraph 71 of Plaintiffs' Petition, including the allegations of each of the subparagraphs of Paragraph 71.

72.     Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The Policy is the best evidence of its terms and conditions, and therefore Hallmark denies the remaining allegations contained in Paragraph 72 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 72.

73.     Hallmark admits that it issued a Business Auto policy of insurance to STL Trucking, LLC, Policy Number MOC500075-01, effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m.  The Policy is the best evidence of its terms and conditions, and therefore Hallmark denies the remaining allegations contained in Paragraph 73 of Plaintiffs' Petition.  Except as so stated, Hallmark denies the allegations set forth in Paragraph 73.

74.     Hallmark denies the allegations contained in Paragraph 74 of Plaintiffs' Petition.

75.     Hallmark denies the allegations contained in Paragraph 75 of Plaintiffs' Petition.

76.     Hallmark denies the allegations contained in Paragraph 76 of Plaintiffs' Petition, including the allegations of each of the subparagraphs of Paragraph 76.

77.     Hallmark denies the allegations contained in Paragraph 77 of Plaintiffs' Petition.

78.     Hallmark denies the allegations contained in Paragraph 78 of Plaintiffs' Petition.

79.     Hallmark denies the allegations contained in Paragraph 79 of Plaintiffs' Petition.

80.     Hallmark denies the allegations contained in Paragraph 80 of Plaintiffs' Petition.

81.     Hallmark denies the allegations contained in Paragraph 81 of Plaintiffs' Petition, including the allegations of each of the subparagraphs of Paragraph 81.

WHEREFORE, having fully answered Plaintiffs' General Allegations, Hallmark requests that Plaintiffs' Petition be dismissed and that Hallmark be reimbursed for its costs and such other relief as the court may deem just and proper.

## ADDITIONAL RESPONSES

Hallmark denies each and every allegation set forth in Plaintiffs' Petition not expressly admitted or stated herein.

WHEREFORE, having fully answered Plaintiff's Petition, Hallmark requests that Plaintiffs' Petition be dismissed and that Hallmark be reimbursed for its costs and such other relief as the court may deem just and proper.

## JURY DEMAND

Hallmark hereby requests a trial by jury.

## AFFIRMATIVE DEFENSES

### Facts Common to All Affirmative Defenses

1.     Hallmark issued a Business Auto policy of insurance to the named insured, Mukadesa Malkoc dba STL Trucking, LLC ("STL Trucking"), Policy Number MOC500075-01,

effective for the policy period August 10, 2013 at 12:01 a.m. to August 10, 2014 at 12:01 a.m. (the "Policy").

2.    Hallmark sent a notice of non-renewal of the Policy in a proper and timely manner on June 6, 2014.

3.    The Policy was not in force at the time of the accident alleged in the Petition when it allegedly occurred at about 11:00 pm on August 10, 2014.

4.    Plaintiffs' claims against STL Trucking in the underlying action, Case No. 1522-CC10316 ("Underlying Action") are not covered by the Policy.

5.    Plaintiffs failed to make a settlement demand that complied with the applicable requirements of Missouri law, and Hallmark was never presented with a reasonable opportunity to settle within the limits of the Policy.

6.    The judgment entered in the Underlying Action ("Underlying Judgment") is not valid or enforceable.

7.    No valid assignment of any of STL Trucking's claims has been made.

8.    Plaintiffs failed to comply with the requirements of R.S. Mo. § 537.065, and failed to provide notice to Hallmark of an agreement or settlement and of a an opportunity to intervene in the Underlying Action.

9.    Hallmark is not collaterally estopped from challenging the Underlying Judgment.

10.    Plaintiffs' claims against Hallmark are without merit.

## **FIRST DEFENSE**

11.    Plaintiffs fail to state a claim upon which relief can be granted because the Policy provides no coverage for the claim that is the subject of Plaintiffs' Petition.

## SECOND DEFENSE

12.    Hallmark is not liable to Plaintiffs and owed no duty to Plaintiffs and/or Plaintiffs' alleged assignor, STL Trucking, pursuant to the terms and conditions of the Policy; and Plaintiffs and/or Plaintiffs' alleged assignor, STL Trucking, failed to comply with the terms and conditions of the Policy.  The Policy provides, in part:

### SECTION II – LIABILITY COVERAGE

### A.    Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". … [¶] We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insur-ance has been exhausted by payment of judg-ments or settlements. …

### C.    Limit of Insurance

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "ac-cident" is the Limit of Insurance for Liability Cover-age shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continu-ous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Cov-erage Endorsement, Uninsured Motorists Cover-age Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part. …

SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A.    Loss Conditions …

**2.      Duties In The Event Of Accident, Claim, Suit or Loss**

We have no duty to provide coverage under this policy unless there has been full compli-ance with the following duties:

a.      In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1)      How, when and where the "accident" or "loss" occurred;

(2)      The "insured's" name and address; and

(3)      To the extent possible, the names and addresses of any injured persons and witnesses.

b.      Additionally, you and any other involved "insured" must:

(1)      Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2)      Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3)      Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4)      Authorize us to obtain medical records or other pertinent information.

(5)      Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

c.      If there is "loss" to a covered "auto" or its equipment you must also do the following:

(1)      Promptly notify the police if the covered "auto" or any of its equipment is stolen.

(2)      Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3)      Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4)      Agree to examinations under oath at our request and give us a signed statement of your answers.

**3.      Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

a.    There has been full compliance with all the terms of this Coverage Form; and

b.    Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this pol-icy to bring us into an action to determine the "insured's" liability. …

**B.    General Conditions …**

**7.    Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a.    During the policy period shown in the Declarations; and

b.    Within the coverage territory. …

**COMMON POLICY CONDITIONS**

All Coverage Parts included in this policy are subject to the following conditions.

A.    Cancellation

1.    The first Named Insured shown in the Declarations may cancel this policy by mailing or de-livering to us advance written notice of cancellation.

2.    We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

a.    10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

b.    30 days before the effective date of cancellation if we cancel for any other reason.

3.    We will mail or deliver our notice to the first Named lnsured's last mailing address known to us.

4.    Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5.    If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be ef-fective even if we have not made or offered a refund.

6.      If notice is mailed, proof of mailing will be suf-ficient proof of notice. …

**ENDORSEMENT – COMMERCIAL AUTO CA 02 19 03 03**

**MISSOURI CHANGES – CANCELLATION AND NONRENEWAL** …

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A.      If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead: …

B.      For "autos" not described in Paragraph A. above:

1.      Paragraph 2. of the Cancellation Common Policy Condition is replaced by the following: We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

a.      10 days before the effective date of cancellation if we cancel for nonpayment of pre-mium;

b.      30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

(1)      Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

(2)      Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

(3)      We become insolvent; or,

(4)      We involuntarily lose reinsurance for this policy.

c.      60 days before the effective date of cancellation if we cancel for any other reason.

2.      The following is added and supersedes any provision to the contrary:

NON RENEWAL

1.      We may elect not to renew this policy by mailing or delivering to the first Named In-sured, at the last mailing address known to us, written notice of

nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

2.      If notice is mailed, proof of mailing will be sufficient proof of notice.

**THIRD DEFENSE**

13.      Hallmark timely and properly issued a notice of nonrenewal to the insured, STL Trucking, on June 6, 2014 notifying the insured that the insurance coverage provided by the Policy would expire at and from the hour of 12:01 a.m. on August 10, 2014, and would not be renewed. The notice stated, in part:

> You are hereby notified in accordance with the terms and conditions of the above mentioned policy that the above mentioned policy will expire effective at and from the hour and date mentioned above and the policy will NOT be renewed.

14.      The notice of nonrenewal was also timely and properly sent to the insured's broker, RSI International of Missouri on June 6, 2014, and also to the insured's broker, First Bosnian Insurance Agency on June 6, 2014.

15.      The explanation for the nonrenewal of coverage was stated as follows: "Non Renewal Due to Increase in Hazard."  Therefore, the Policy was not in force at the time of the accident alleged in the Petition.

16.      For these reasons, Hallmark did not owe STL Trucking a defense or indemnity under the Policy for the claims of Plaintiffs against STL Trucking in the Underlying Action, and the claims of Plaintiffs against STL Trucking in the Underlying Action are not covered by the Policy.

## FOURTH DEFENSE

17.    There has been no determination that Hallmark breached its duty to defend its insured, therefore, it is not bound by any findings made in the Underlying Action or by the Underlying Judgment.

## FIFTH DEFENSE

18.    Plaintiffs' losses were caused or directly contributed to by the negligence, contributory fault, comparative fault, and/or assumption of risk of Plaintiffs and/or others including, but not limited to Plaintiffs' alleged assignor, STL Trucking.  Hallmark is not liable for any losses caused by Plaintiffs and/or the negligence of others and Plaintiffs are, therefore, barred from any recovery herein or, alternatively, any recovery should be apportioned among the parties, including Plaintiffs under the doctrine of comparative fault.

## SIXTH DEFENSE

19.    STL Trucking failed to mitigate its damages by failing and refusing to defend the Underlying Action, failing to challenge Plaintiffs' evidence of either liability or damages, failing and refusing to cooperate with Hallmark as required by the Policy, and by failing and refusing to take every action reasonably necessary to reduce and minimize the amount of damage awarded to Plaintiffs in the Underlying Action.

## SEVENTH DEFENSE

20.    Plaintiffs' claims against Hallmark are barred in whole or in part by, among other things, the doctrine of unclean hands, estoppel, and waiver, in that the Underlying Judgment resulted from a compromise and/or collusion between Plaintiffs and/ or Plaintiffs' agents, attorneys and alleged assignor, STL Trucking, which did not comply with R. S. Mo. § 537.065, and which resulted in Hallmark being deprived of its right to participate in the Underlying Action.  To enforce

the judgment resulting from this compromise and/or collusion in favor of Plaintiffs and against Hallmark would be fundamentally unfair, inequitable, and unjust.

## EIGHTH DEFENSE

21.     Plaintiffs' claims against Hallmark are barred in whole or in part because the Underlying Judgment taken against STL Trucking does not bar Hallmark from challenging the nature, extent, amount, and allocation of damages, as the alleged judgment is unreasonable in both its finding of liability and in the amount of damages awarded, as it is the product of mistake, fraud or collusion, and neither Hallmark nor any person in privity with Hallmark was a party to the Underlying Action.

## NINTH DEFENSE

22.     Plaintiffs' claims against Hallmark are subject to and barred by the applicable statutes of limitation.

## TENTH DEFENSE

23.     Plaintiffs' claims against Hallmark are subject to and barred by the doctrine of laches.

## ELEVENTH DEFENSE

24.     Plaintiffs have failed to join all the parties necessary for a just adjudication of the matter in the Plaintiffs' Petition.

## TWELFTH DEFENSE

25.     Plaintiffs' claims for punitive damages are barred or limited by the due process clause of the Fourteenth Amendment to the United States Constitution, by the double jeopardy clause of the Fifth Amendment and/or by the applicable state Constitution.

26.     Furthermore, any claims for punitive damages against Hallmark are barred by various provisions of the Constitution of the State of Missouri and the United States Constitution, specifically:

a.     Any standards by which Hallmark's conduct may be judged with regard to such damages are vague and wholly arbitrary and, as such, deny due process in violation of Article I, Section 10 of the Constitution of the State of Missouri and the Fifth and Fourteenth Amendments to the United States Constitution;

b.     The standards by which the amount of any such damages is to be determined are vague and wholly arbitrary, supply no notice to Hallmark of the potential repercussions of any conduct, and are subject to the unbridled discretion of the jury, thereby denying due process in violation of Article I, Section 10 of the Constitution of the State of Missouri and the Fifth and Fourteenth Amendments to the United States Constitution;

c.     Any award of such damages would impose an excessive fine in violation of Article I, Section 21 of the Constitution of the State of Missouri and the Eighth Amendment to the United States Constitution;

d.     Any award of such damages would constitute a denial of equal protection under the law in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

e.     Any award of such damages would subject Hallmark to multiple punishments for the same alleged wrong, thereby denying due process

under Article I, Section 10 of the Constitution of the State of Missouri and the Fifth and Fourteenth Amendments to the United States Constitution;

f.   Any award of such damages would subject Hallmark to double jeopardy in violation of Article I, Section 19 of the Constitution of the State of Missouri and the Fifth Amendment to the United States Constitution.

g.   Plaintiffs' claims for punitive damages against Hallmark are barred and fail because they require strict proof and must be established by clear and convincing evidence, which Plaintiffs' claim lacks as a matter of law.

h.   Any trial should be bifurcated pursuant to R.S.Mo. §510.263.

i.   Because neither insurance bad faith nor punitive damages for insurance bad faith existed at common law at the time the Missouri Constitution was adopted in 1820, R.S.Mo. §510.265 limits any punitive damages collectible in this action.

j.   Plaintiffs' claim for punitive damages is barred by reason of the fact that Plaintiffs received their claims by way of assignment, and a claim for punitive damages cannot be assigned.

k.   Plaintiffs' claim for punitive damages violates R.S.Mo. § 510.261.

## THIRTEENTH DEFENSE

27.   Plaintiffs are estopped from bringing this action due to accord and satisfaction, promissory estoppel, waiver and other legally binding contractual prohibitions.

## FOURTEENTH DEFENSE

28.   The culpable conduct and/or negligence of third parties, present in the Plaintiffs' Petition as well as those not under the control of Hallmark were a direct and proximate cause of

Plaintiffs' alleged injuries. Such conduct or negligence was an intervening, superseding or sole cause of Plaintiffs' injuries, which prohibits the imposition of liability on Hallmark.

## FIFTEENTH DEFENSE

29.    Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs, their agents, attorneys, and/or alleged assignor, STL Trucking, have expressly, impliedly, or by operation of law excused Hallmark from any and all obligations, if any, relating to the subject of the Plaintiffs' Petition and each and every claim alleged therein. Furthermore, any obligations of Hallmark were discharged by Hallmark's performance and/or tender of performance or were rendered impossible to perform by the conduct of Plaintiffs and/or those acting on Plaintiffs' behalf, and/or Plaintiffs' alleged assignor, STL Trucking.

## SIXTEENTH DEFENSE

30.    Plaintiffs' claims are barred to the extent that the doctrine of *in Pari Delicto* applies to Plaintiffs' claims.

## SEVENTEENTH DEFENSE

31.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs and/or their agents, attorneys, or alleged assignor have failed to perform certain conditions appearing in the Policy, including conditions precedent, to any obligations or indebtedness, which Hallmark might otherwise have had toward Plaintiffs.

## EIGHTEENTH DEFENSE

32.    Plaintiffs' claims are barred in whole or in part to the extent that there is no valid assignment. Moreover, the judgment taken against STL Trucking was not consistent with the requirements of R.S. Mo. § 537.065, in that Hallmark was not provided with proper written notice

of the execution of an agreement under R.S. Mo. § 537.065, and was not provided with a full opportunity to intervene as a matter of right before Underlying Judgment was entered.

## NINETEENTH DEFENSE

33.    Plaintiffs' claims are barred in whole or in part because the alleged Underlying Judgment arises from the unconstitutional and improper use and application of R.S. Mo. § 537.065 in the Underlying Action, during which the parties used R.S. Mo. § 537.065 to structure an agreement to establish liability and damages far exceeding the limits under the Policy and far exceeded the admissible evidence, and that were at all times understood by Plaintiffs and STL Trucking to be pursued against Hallmark, even though Hallmark had no opportunity to be heard and to present its defense against such liability and damages.

## TWENTIETH DEFENSE

34.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs did not obtain the Underlying Judgment after a contested trial on the merits.

## TWENTY-FIRST DEFENSE

35.    Plaintiffs' claims are barred in whole or in part to the extent that STL Trucking and/or the Plaintiffs, and their respective agents and attorneys misrepresented and/or concealed material facts during the claim.

## TWENTY-SECOND DEFENSE

36.    Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs' claims are based on unreasonable and/or unnecessary amounts, damages, claims, attorney's fees and/or costs claimed by Plaintiffs in connection with the Underlying Action.

## TWENTY-THIRD DEFENSE

37.    Plaintiffs' claims are barred in whole or in part because at all times Hallmark acted in good faith, and there is no basis for an award greater than the policy limits under the Policy.

## TWENTY-FOURTH DEFENSE

38.    Plaintiffs' claims are barred in whole or in part to the extent that Hallmark is entitled to a reduction, credit, and/or set off for any amounts paid or promised to be paid to Plaintiffs, including but not limited to all insurance proceeds received or to be received by Plaintiffs, from whatever source.

## TWENTY-FIFTH DEFENSE

39.    Plaintiffs' claims are barred in whole or in part to the extent that any coverage this Court may determine that Hallmark owes to Plaintiffs should be limited by the liability limits set forth in the Policy to no more than $1 million.

## TWENTY-SIXTH DEFENSE

40.    Plaintiffs' claims are barred because Hallmark complied fully with all obligations it owed under the Policy.

## TWENTY-SEVENTH DEFENSE

41.    Plaintiffs' claims are barred by all defenses applicable to STL Trucking or any other alleged insured or alleged assignor.

## TWENTY-EIGHTH DEFENSE

42.    Plaintiffs' claims are subject to the terms, conditions, and requirements of the Policy.

## TWENTY-NINTH DEFENSE

43.     The Underlying Judgment identified in Plaintiffs' Petition is irregular and contrary to Missouri law.

## THIRTIETH DEFENSE

44.     Hallmark has been deprived of its constitutional rights to a jury trial and to access the courts.

## THIRTY-FIRST DEFENSE

45.     Hallmark has been deprived of its opportunity to be heard and its due process rights under Article I, Sections 10 and 14 of the Missouri Constitution and the Due Process Clause of Amended V and XIV to the United States Constitution.

## THIRTY-SECOND DEFENSE

46.     Punitive damages are not permitted subsequent to an assignment such as the one Plaintiffs allege in this case.

## THIRTY-THIRD DEFENSE

47.     Hallmark states a punitive damage award against it would contravene provisions of the Missouri Constitution and the Constitution of the United States, including, but not limited to, Article I, Bill of Rights, Sections 10, 19 and 21 of the Constitution of the State of Missouri, including Sections 9 and 18 of the Bill of Rights and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Further, a punitive damage award would deprive Hallmark of property without due process of law and deny it equal protection of the law.  Further, an award of punitive damages is precluded because, inter alia, the standards for same are too vague to give notice of the conduct prohibited, and they would subject defendants to multiple jeopardy, excessive fines and unusual punishment.  Such damages are also precluded by R.S. Mo. § 400.1-106.

## THIRTY-FOURTH DEFENSE

48.    Hallmark states that a punitive damage award against it would deny Hallmark of its property without due process of law in violation of the 5th and 14th Amendments to the Constitution of the United States and/or Article 1, Section 2 and/or 10 of the Constitution of the State of Missouri because there are insufficient legal standards for the jury to determine the amount of any such damages so as to allow awards that: (1) are grossly excessive or wholly disproportionate to the offense and obviously unreasonable; and (2) gives Hallmark no notice of the consequences of its conduct.

## THIRTY-FIFTH DEFENSE

49.    Hallmark states that a punitive damage award against it without sufficient legal standards to determine the amount that may be awarded is unconstitutional because it serves to deny Hallmark of its right of access to the courts as guaranteed by the due process clause of the 5th and 14th Amendments to the Constitution of the United States and/or Article 1, Sections 2, 10 and/or 14 of the Constitution of the State of Missouri.

## THIRTY-SIXTH DEFENSE

50.    Hallmark states an award of punitive damages against it, including one in association with the Tort Victims Compensation Fund as set forth in R.S. Mo. § 537.675, is unconstitutional because it constitutes a fine, punishment or payment in violation of the Excessive Fines Clause of the United States Constitution's Eighth Amendment and in violation of the Missouri Constitution, Article 1, Section 21.

## THIRTY-SEVENTH DEFENSE

51.    Hallmark states Plaintiffs' claims for punitive damages is unconstitutional because they seek to punish Hallmark without the protection of Constitutional safeguards,

including, but not limited to, proof beyond a reasonable doubt, and/or a standard higher than "a preponderance of the evidence," the right to a speedy trial, the prohibition against double jeopardy and freedom from self-incrimination during the discovery process and trial, which are guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the State of Missouri, Article 1, Sections 18(a), 19, 21 and 22(a), and any law of the State of Missouri Courts which would permit Plaintiffs to recover punitive damages without the protection of such safeguards is unconstitutional.

## THIRTY-EIGHTH DEFENSE

52.    Hallmark states that Plaintiffs' request for punitive damages and/or subsequent imposition of punitive damages against Hallmark constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution.

## THIRTY-NINTH DEFENSE

53.    Hallmark states that Plaintiffs' request for punitive damages and/or subsequent imposition of punitive damages against it constitutes cruel and unusual punishment in violation of Missouri Constitution, Article 1, Section 21.

## FORTIETH DEFENSE

54.    Hallmark states that a punitive damages award deprives it of property without due process of law in violation of defendants' rights under the 5th and 14th Amendment to the United States Constitution and Article 1 of the Bill of Rights, Section 10 and 13 of the Constitution of Missouri by imposition of a retroactive standard governing the liability for and the amount of the penalty.

## FORTY-FIRST DEFENSE

55.    Hallmark states that a punitive damage award deprives it of property without due process of law in violations of the Bills of Attainder and Ex Post Facto clauses of the United States Constitution, Article 1, Section 9, Clause 3; Article 1, Section 10, Clause 1 and Article 1, Bill of Rights, Section 13 of the Constitution of Missouri by imposition of retroactive standard governing liability for damages based on aggravating circumstances and the amount of damages.

## FORTY-SECOND DEFENSE

56.    Hallmark states that the imposition of a punitive damage award as punishment which may be awarded by less than a unanimous verdict violates the 6th Amendment and Article 3, Section 2 of the United States Constitution and Article 1, Bill of Rights, Section 22(a) of the Constitution of Missouri.

## FORTY-THIRD DEFENSE

57.    Hallmark states that a punitive damage award deprives it of property without the due process of law and further deprives Hallmark of the equal protection of the laws in violation of Hallmark's rights under the 5th and 6th Amendments to the United States Constitution and Article 1, Bill of Rights, Sections 10 and 12 of the Constitution of Missouri, because the jury is told to take into consideration the evidence of defendants' net worth, implying to the jury that it would be more appropriate to punish defendants rather than another defendant under similar circumstances who had a lesser net worth.

## FORTY-FOURTH DEFENSE

58.    Hallmark states that a punitive damage award deprives it of property without due process of law in violation of its rights under the 5th and 14th Amendments to the United States

Constitution and Article 1, Bill of Rights, Sections 10 and 19 of the Constitution of Missouri because such an award results in multiple punishments for a single act or course of conduct.

## FORTY-FIFTH DEFENSE

59.    Hallmark states that a punitive damage award deprives it of property without due process of law in violation of defendants' rights under the 5th and 14th Amendments to the United States Constitution and Article 1, Bill of Rights, Sections 2 and 10 of the Constitution of Missouri since Missouri law erroneously permits arbitrary, capricious and discriminatory enforcement of said laws.

## FORTY-SIXTH DEFENSE

60.    Hallmark states that the MAI 10.01 is unconstitutional and violates its rights under the 5th and 14th Amendments to the United States Constitution and Article 1, Bill of Rights, Sections 2, 10, 18, 19, 21 and 22 of the Constitution of the State of Missouri.

## FORTY-SEVENTH DEFENSE

61.    Hallmark states that punitive damages are not permitted with regard to the claims alleged by Plaintiffs.

## FORTY-EIGHTH DEFENSE

62.    Hallmark is not responsible for the actions or inactions of third parties including any of STL Trucking's brokers, and third parties may not bind or extend coverage without Hallmark's consent..

## FORTY-NINTH DEFENSE

63.    Hallmark asserts that venue of this case as alleged by Plaintiffs was improper.

## FIFTIETH DEFENSE

64.    For the reasons set forth above, the Plaintiffs' Petition fails to state a claim upon which relief may be granted.

## FIFTY-FIRST DEFENSE

65.    Hallmark reserves the right to supplement and/or amend its affirmative defenses as its discovery and investigation proceed throughout this action. Furthermore, Hallmark adopts and asserts any defenses raised or asserted by other defendants to this action.


WHEREFORE, Hallmark prays to be discharged and asks for its costs in this action and such other and further relief as the Court may find reasonable and proper.


Dated: September 14, 2022

**DOWD BENNETT LLP**


By: /s/ Edward L. Dowd, Jr.
Edward L. Dowd, Jr. #28785
edowd@dowdbennett.com
Robert F. Epperson, Jr. #46430
repperson@dowdbennett.com
Michael J. Kuhn #58936
mkuhn@dowdbennett.com
Arin H. Smith #72636
asmith@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111

Attorneys for Defendant Hallmark
Insurance Company

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                    /s/  Edward L. Dowd, Jr.