## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| COREY FOWLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No.:  4:22-cv-00955-AGF |
| STL TRUCKING, LLC, and HALLMARK | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to remand.  ECF No. 13.  Defendant

Hallmark Insurance Company ("Hallmark") removed the action to this Court pursuant to 28

U.S.C. § 1441(b), arguing that the claims meet the federal diversity requirements under 28

U.S.C. § 1332(a).  Hallmark admits that its co-defendant, STL Trucking, LLC ("STL Trucking"),

is a citizen of Missouri[1] and that, notwithstanding diversity of citizenship between the parties,

STL Trucking's Missouri citizenship would normally preclude removal under the so-called

forum defendant rule set forth in  28 U.S.C. § § 1441(b)(2).  Further, Hallmark acknowledges

that STL Trucking has not consented to removal, in violation of § 1441(b)(2)(A).

However, Hallmark argues that STL Trucking is a nominal party to these claims whose

citizenship should be disregarded or, alternatively, that STL Trucking should be realigned as a

---

[1]     Hallmark alleges that STL Trucking's member is Mukadesa Malkoc who, at the time the complaint was filed and at the time of this removal, was a citizen of Missouri. *See* ECF No. 1 at 5.

party-plaintiff.  In either event, Hallmark argues, neither STL Trucking's citizenship nor its objection to removal should preclude removal in this case.

In their motion to remand, Plaintiffs argue that STL Trucking is not a nominal party but a required and properly aligned party-defendant whose Missouri citizenship and lack of consent to removal requires remand in this case.  Plaintiff further argues that Hallmark's removal was untimely.  For the reasons discussed below, the Court will grant Plaintiffs' motion and will remand this case to state court.

## BACKGROUND

This lawsuit arises out of a fatal collision in which Plaintiffs' decedents were struck by a vehicle operated by an employee of STL Trucking.  Plaintiff brought a personal injury action against STL Trucking in state court, and STL Trucking's insurer, Hallmark, refused to defend or indemnify STL Trucking in that action.  Following a bench trial, Plaintiffs were awarded a $65 million judgment against STL Trucking.

Plaintiffs thereafter filed this suit against both STL Trucking and Hallmark on May 13, 2022, asserting equitable garnishment claims against both Defendants, and asserting bad faith and breach of contract claims against Hallmark.  The parties dispute when Plaintiffs served Hallmark with process.

Plaintiffs argue that it served Hallmark by serving the Missouri Director of Commerce and Insurance ("MDCI"), pursuant to Mo. Rev. Stat. § 375.906, on July 29, 2022.  Plaintiffs attach as proof of such service a Sheriff's return of service indicating service on that date.  *See* ECF Nos. 13 at 5 and 13-2.  Hallmark argues that § 375.906 does not apply to this action and that, even if it did apply, the date of service should be determined by looking not to the Sheriff's return of service but to MCDI's affidavit of service.  Hallmark has attached a copy of that

affidavit, which states: "[O]riginal process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the [MDCI], Dated at Jefferson City, Missouri this Monday, August 15, 2022."  ECF No. 14-1.  Thus, Hallmark argues MDCI was not served until August 15, 2022. Hallmark further contends that MDCI did not mail a copy of the initial pleading and summons to Hallmark until August 22, 2022.

On September 12, 2022, Hallmark removed the case to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.  STL Trucking did not consent to the removal. Hallmark alleged in its notice of removal that removal was proper because the diversity-of-citizenship and amount in controversy requirements of § 1332 were met and because the citizenship and lack of consent of the forum defendant, STL Trucking, should be disregarded. Hallmark alleged that STL Trucking was a "nominal party, properly considered and aligned as a plaintiff to this matter."  ECF 1 at 8.

Plaintiffs now seek to remand the case to state court, arguing that because STL Trucking is a required party-defendant that did not consent to the removal, Hallmark's removal violated both the forum-defendant and the unanimous consent rules.  Plaintiffs further argue that Hallmark's removal came more than 30 days after service of process, rendering the removal untimely under 28 U.S.C. § 1446(b).  Plaintiffs measure the date of service from the date listed on the Sheriff's return of service, July 29, 2022.

In response, Hallmark argues that the removal is proper because STL Trucking is a nominal party from whom no remedy is sought and whose interests align with those of the Plaintiffs.  Further, Hallmark argues and attaches evidence indicating that the Missouri Secretary of State dissolved STL Trucking on March 30, 2016, more than three years prior to the time that

- 3 -

Plaintiffs filed this suit, and is thus not capable of being sued under Mo. Rev. Stat. § 347.141.4. Hallmark argues that the company's dissolution further warrants disregarding the company as a defendant for the purpose of removal.

As to timeliness of removal, Hallmark measures the 30-day deadline from the date listed in MDCI's affidavit of service.  Alternatively, Hallmark argues that, if Plaintiffs are correct that MDCI was served on July 29, 2022, then MDCI waited too long (until August 22, 2022) to mail a copy of the summons and petition to Hallmark, and it would be unfair and a violation of Hallmark's due process rights to punish Hallmark for MDCI's delay.

In reply, Plaintiffs contend that federal courts in this Circuit have repeatedly rejected Hallmark's arguments regarding the status of insureds like STL Trucking as nominal parties to equitable garnishment actions.  Further, Plaintiffs argue that STL Trucking's dissolution does not affect the jurisdictional analysis because Missouri law does not prevent commencement of a lawsuit against the LLC in this case.  Finally, Plaintiffs maintain that any factual disputes regarding the timeliness of removal should be resolved in favor of remand.

## <u>DISCUSSION</u>

A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts are those of limited jurisdiction, and the party asserting jurisdiction holds the burden of establishing that a cause of action lies within that limited jurisdiction.  *Ark. Blue Cross and Blue Shield v. Little Rock Cardiol. Clinic*, 551 F.3d 812, 816 (8th Cir. 2009).  As such, removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand.  *In re Bus. Men's Assurance Co. of Am*., 992 F.2d 181, 183 (8th Cir. 1993).

**Party Status of STL Trucking, LLC**

Actions where jurisdiction is predicated solely on diversity are removable only if none

"of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought."  28 U.S.C. § 1441(b)(2).  This so-called forum-defendant rule,

while not jurisdictional, must be enforced where, as here, it is timely raised in a motion to

remand.  *Cf. Holbein v. TAW Enters.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc).

As Plaintiffs note, the equitable garnishment statute under which they are proceeding

against both Hallmark and STL Trucking provides:

> Upon the recovery of a final judgment against any person, firm or corporation . . .
> for loss or damage on account of bodily injury or death . . . if the defendant in such
> action was insured against said loss or damage at the time when the right of action
> arose, the judgment creditor shall be entitled to have the insurance money . . .
> applied to the satisfaction of the judgment, and if the judgment is not satisfied
> within thirty days after the date when it is rendered, *the judgment creditor may
> proceed in equity against the defendant and the insurance company* to reach and
> apply the insurance money to the satisfaction of the judgment.

Mo. Rev. Stat. § 379.200 (emphasis added).

Because this statute requires judgment creditors to proceed "against" the insured

judgment debtor and insurer, federal courts throughout this Circuit have rejected the arguments

raised by Hallmark here, namely, that the insured judgment debtor is a nominal defendant to an

equitable garnishment proceeding for diversity purposes or that the insured judgment debtor

should be realigned as a party plaintiff.  *See, e.g.*, *Roughton v. State Farm Fire & Cas. Co.*, No.

20-CV-00238-W-SRB, 2020 WL 4283921, at *2-3 (W.D. Mo. July 27, 2020) (collecting cases).

These courts rely on the Eighth Circuit's decision in *Glover v. State Farm Fire & Cas.

Co.*, 984 F.2d 259 (8th Cir. 1993).  In *Glover*, the Eighth Circuit reasoned that "[b]ecause the

insurer is entitled . . .  to assert any defenses it has against the insured, the Missouri legislature

had good reason to require that the judgment debtor be joined in the statutory action, even if that

action does not expose the judgment debtor to any risk of additional liability." *Id.* at 261.  The

Eighth Circuit also recognized that joinder of an insured judgment debtor that shares the same

citizenship as the judgment creditor would "destroy diversity jurisdiction." *Id.*

The Court is persuaded by the reasoning of the above-noted cases that STL Trucking is

neither a nominal party nor improperly aligned but is instead a necessary party-defendant.

Because STL Trucking is a Missouri citizen, the forum-defendant rule requires remand.

As the insured did in *Roughton* and the cases cited therein, Hallmark relies on relies

heavily on and *Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997 (8th Cir. 2020) and

*Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891 (8th Cir. 2017) to argue that STL Trucking is

a nominal party.  But, as *Roughton* explained, both *Russell* and *Williams* are patently

distinguishable.  Neither addressed the question of whether an insured judgment debtor named as

a defendant in an equitable garnishment action may have its citizenship disregarded for diversity

purposes.   And perhaps more importantly, neither overruled *Glover*.

In *Russell*, the Eighth Circuit considered whether an equitable garnishment action

brought under § 379.200 is a "direct action" against an insurer under 28 U.S.C. § 1332(c)(1).  In

such "direct actions," the "insured is not joined as a party-defendant" and the insurer is "deemed

a citizen of every State and foreign state of which the insured is a citizen[.]"  28 U.S.C. §

1332(c)(1)(A).  The issue raised in *Russell* is simply not relevant here.  And rather than overrule

*Glover*, *Russell* confirmed that equitable garnishment actions under § 379.200 "apparently

require" joining the insured judgment debtor as a party-defendant and that the "court's *Glover v.

State Farm* decision suggest[ed] the same." *Russell*, 950 F.3d at 1002 n.4.  The Eighth Circuit

never suggested that *Glover* was wrongly decided.

*Williams* is even less applicable here.  The issue in *Williams* was whether an equitable

garnishment action brought on behalf of a class could be subject to jurisdiction under the Class

Action Fairness Act, 28 U.S.C. § 1332(d).  *Williams*, 845 F.3d at 895.  Hallmark cites *Williams*

for its isolated reference to a judgment debtor as a "nominal but necessary party under

Missouri's equitable garnishment statute."  *Id.* at 896.  But that reference had nothing to do with

whether the judgment debtor's citizenship must be counted for diversity purposes.  Rather, the

Eighth Circuit in *Williams* described the judgment debtor as "nominal" merely to determine

whether a consent judgment in that case was appealable.[2]  *Id.* at 898.  It did not overrule or even

mention *Glover*, as there was no question regarding diversity jurisdiction.

For all of these reasons, the Court is persuaded that STL Trucking is properly aligned as a

party-defendant.

*Effect of Dissolution*

When a state statute renders a dissolved corporation "sufficiently alive to sue," the

corporation also retains its citizenship for purposes of diversity jurisdiction.  *Johnson v.*

*SmithKline Beecham Corp.*, 724 F.3d 337, 358–59 (3d Cir. 2013); *Ratermann v. Cellco P'ship*,

No. 4:09CV126 DDN, 2009 WL 1139232, at *4 (E.D. Mo. Apr. 28, 2009).  The statute relied

upon by Hallmark to argue that dissolved LLCs like STL Trucking are no longer capable of

---

[2]     Because the plaintiff in *Williams* had consented to the entry of judgment in favor of the
insured judgment debtor after judgment on the pleadings was granted in favor of the insurer, the
Eighth Circuit had to consider whether the plaintiff waived her right to appeal.  *Williams*, 845
F.3d at 898.  The Eighth Circuit held that the plaintiff only "consented to entry of judgment
because [the judgment debtor] was a nominal defendant, and, as a result, the district court's grant
of judgment on the pleadings in favor of the Insurers effectively disposed of [the plaintiff's]
entire case."  *Id.*  The Eighth Circuit thus held that the plaintiff's consent to entry of judgment
was merely a "consent to the form, rather than the substance, of the judgment" and did not waive
her right to appeal.  *Id.*  Such a holding in no way overrules *Glover* or the proposition that a
judgment debtor's citizenship must still be counted for diversity purposes.

being sued is Mo. Rev. Stat. § 347.141.4.  This statute governs the disposition of claims after dissolution of a limited liability company.  But as Plaintiffs note, the subsection relied upon by Hallmark, subsection 4, expressly does not apply to "a claim against a [dissolved] limited liability company . . . for which claim the limited liability company has a contract of insurance which will indemnify the limited liability company for any adverse result from such claim."  Mo. Rev. Stat. § 347.141.7.  Rather such suits are expressly not barred and "[m]ay be asserted at any time within the statutory period otherwise provided by law for such claims."  *Id.*

Hallmark does not dispute that this lawsuit falls within the exception noted in § 347.141.7 and no other statute cited by Hallmark or found by the Court precludes Plaintiff's action against STL Trucking in this context.  Thus, STL Trucking's dissolution does not impact the Court's jurisdictional analysis.  Even if Hallmark's argument raised doubts as to the Court's jurisdiction, the Court would resolve those doubts in favor of remand.

Because the Court concludes that removal violated the forum-defendant rule, the Court will grant Plaintiffs' motion to remand without reaching Plaintiffs' alternative timeliness argument.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's motion to remand (ECF No. 13) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2022.